In proceedings relating to divorce and alimony, a motion to dismiss takes the place of a demurrer, and therefore cannot, after it has been denied, be followed by such demurrer.

In the October trial term of the supreme judicial court, 1873, the plaintiff entered her petition for additional alimony, representing that on November 4, 1871, it was decreed by said court that she be divorced from her husband, James Spofford, and that the custody, care, and education of their minor child be given to her; that it was further ordered, that said James pay to said Ellen, as alimony, $285 in cash, and certain articles of property which said Ellen carried to the house of said James about the time of their marriage, or afterwards; and that said James pay over to George W. Currier, as trustee, $300, the principal and interest to be expended for the support, maintenance, and education of said child, from time to time, as said trustee shall deem proper; that after said decree was made, said James died testate, leaving an estate inventoried at $2,618.97; that, by his last will and testament, dated November 1, 1871, he bequeathed to George W. Currier $300, to hold in trust for said child, and to be paid to said child, principal and interest, when he arrives at the age of twenty-one years, and in case said child dies before reaching that age, said amount is to be paid over to the residuary legatee named in said will, to wit, the Congregational church and society in Hopkinton village; that no provision has been made for her or for said child out of the property of said James, except as above stated; that Aaron Smith, of said Hopkinton, is sole executor of said will, and that, considering her condition, and the tender years and general condition of said child, an additional allowance, as alimony, should be made to her out of the estate of said James.

The defendant appeared, and moved to dismiss the petition for certain reasons assigned. At the June law term, 1874, of the supreme judicial court, the questions of law arising on this motion were considered, and the motion denied. At the October term of the circuit court, 1874, the defendant demurred, assigning for causes of demurrer certain other matters. The questions of law arising were again transferred.

*Eastman, Page & Albin*, for the petitioner.

*Hawthorne & Greene*, for the defendant.

CUSHING, C. J. By our practice, in proceedings of this kind, the demurrer is, I believe, equivalent to the motion to dismiss, and one ought not to follow the other. It appears, also, that the matters assigned as causes for demurrer may properly enough be considered at the general hearing. The demurrer, therefore, must be overruled,

unless the defendant shall in the circuit court obtain leave to withdraw it, and proceed to a hearing.

LADD, J. This is an application under Gen. Stats., ch. 163, sec. 15, for a modification and ·revision of the order, as to alimony and maintenance of the minor child, made in the divorce suit, *Ellen C. R. Spofford* v. *James Spofford*, or for the making of such new orders therein as may be necessary. It has been already decided that the death of the libellee does not cut off the right of the libellant to make the application against his executor. A demurrer in such a proceeding is a novelty, and I cannot see that any question of law is raised by it for the decision of the court. The application apprises the defendant what the libellant wants, and if it does not furnish all the information he ought to receive from that source, he may doubtless have the deficiency supplied by a timely motion in the circuit court.

SMITH, J. The petitioner in substance alleges that the allowance made to her and her minor child was insufficient, considering her condition and the tender years and general condition of the child, and prays for an additional allowance as alimony. It having been decided that the petition can be maintained, the principal if not the only question raised by the demurrer is, whether the allegations of the petition are sufficiently definite. No reason occurs to me why the petitionee is not sufficiently apprised of the nature and extent of the petitioner's claim to enable him to proceed safely to the hearing. If it should prove otherwise, he can, as suggested by my brother LADD, obtain relief by a timely motion in the circuit court.

*Demurrer overruled.*